**Gideon Sahat Perwira SIHOTANG,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 05–74843.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008 *.

Filed Sept. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Gideon Sahat Perwira Sihotang, c/o Gihan L. Thomas, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Carol Federight, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Gideon Sahat Perwira Sihotang, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The agency denied Sihotang's asylum claim as time barred. Sihotang does not challenge this finding.

Substantial evidence supports the agency's conclusion that Sihotang did not establish eligibility for withholding of removal because the harm Sihotang suffered did not rise to the level of past persecution. *See id.* at 1016–18. Substantial evidence also supports the agency's determination that Sihotang failed to demonstrate that it was more likely than not he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Additionally, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc).

Substantial evidence also supports the agency's determination that Sihotang is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.